# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DONTEZ JOHNSON, | ) | CASE NO. 1:06CV759 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | MEMORANDUM OPINION & |
| Respondent. | ) | ORDER |

This matter is before the Court upon Petitioner, Dontez Johnson's, *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (Dkt. # 1).  Also before the Court is the Government's Response in Opposition to Petitioner's Motion (Dkt. # 5).  For the reasons set forth below, Petitioner Dontez Johnson's motion is **DENIED**.

## I.    FACTUAL BACKGROUND

On September 1, 2004, a federal grand jury indicted Petitioner, Dontez Johnson, ("Petitioner"), and seven others, for violations of Title 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846.  Specifically, count 1 of the indictment charged:

> Beginning at least as early as January of 2002, and continuing through August of 2004, the exact dates to the Grand Jury unknown, in the Northern District of Ohio, Eastern Division, and elsewhere, JERMAINE JONES, aka BIRD, DONTEZ JOHNSON, aka JUICY,  LENNON WILLMON, aka L, LATOYA TAYLOR, aka TOYA, LESLIE HICKS, LAWELDON McDOWELL, aka WOO, DONALD HARRISON, aka SHORTY, RICHARD CLAYTON, aka RICK, the defendants herein, and Michael Morris, aka Lil Mike, Rahsaan Felix, Hasan Howard, David Anderson, Demetrius Bell, aka Meechi, Andre P. Collier, aka Lil Dre, Arroyal M.

Hall, Ralph Jones, Randall Ramsey, aka Del, Derek Stokes, Yohnell Walker, aka YaYa, Dajuan M. Wiley, aka Tyson, Allen Wilson, aka Stretch, Rondell P. Wylie, aka Cartoon, and Stephon Davis, aka Face, named but not defendants herein, did unlawfully knowingly, and intentionally combine, conspire, confederate, and agree together and with each other, and with diverse others known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute more than 50 grams of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846.

The grand jury further found:

. . . that the Defendant, DONTEZ JOHNSON, aka JUICY, was at least eighteen years old at the time he committed the instant offense of conviction; and DONTEZ JOHNSON, aka JUICY, has at least two prior felony convictions of either a crime of violence or a controlled substance offense, to wit: Drug Trafficking (ORC 2925.03), case number CR415379, in the Court of Common Pleas, Cuyahoga County, Ohio, on or about March 26, 2002 and Trafficking in Drugs (ORC 2925.03) case number CR416928, in the Court of Common Pleas, Cuyahoga County, Ohio, on or about March 26, 2002.  (U.S.S.G. §4B1.1).

(Case No. 1:04cr453, Dkt. # 1).

Petitioner, while represented by counsel, entered into a plea agreement with the Government on April 13, 2005, pleading guilty to count 1 of the indictment.  (Case No. 1:04r453, Dkt. # 93).  The Court accepted the plea agreement and on July 15, 2005, sentenced Petitioner to, *inter alia*, 110 months of imprisonment followed by three years of supervised release.  Pursuant to the terms of the plea agreement, Petitioner did not file a direct appeal of his sentence or conviction.

On April 3, 2006, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  In his motion, Petitioner alleges that his defense counsel acted ineffectively by failing to file a notice of appeal on his behalf.  (Dkt. # 1).

-2-

## II.     STANDARD OF REVIEW

Section 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2006).  "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).  Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief."  Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

## III.    ANALYSIS

Petitioner contends that his Sixth Amendment right to counsel was violated as a result of his attorney's failure to file a direct appeal from his conviction.  (Dkt. #1).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set out a two-part test to evaluate ineffective assistance of counsel claims.  In a successful claim, a criminal defendant must show (1) that his counsel's representation fell below an objective standard

of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 688-94.  In short, a petitioner must demonstrate both deficient performance and prejudice.  Strickland, 466 U.S. at 686.

The Supreme Court has also held that a court's review of counsel's performance "must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.  Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Darden v. Wainright, 477 U.S. 168, 185-86 (1985) (citations omitted).

The United States Supreme Court has held that "[c]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) [where a] particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000); Shehee v. U.S., 230 F.3d 1359 (6th Cir. 2000).  Neither of the two situations described in Flores-Ortega apply here.

In determining whether a rational defendant would want to appeal, a "highly relevant factor . . . will be whether the conviction follows a trial or a guilty plea, both because a guilty

plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." <u>Flores-Ortega</u>, 528 U.S. at 480. Other factors include "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." <u>Flores-Ortega</u>, 528 U.S. at 480.

In the case *sub judice*, Petitioner expressly waived his right to directly appeal any aspect of his sentence or conviction, except in the following limited circumstances:

> 20.    Defendant acknowledges having been advised by counsel of defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255.  The defendant expressly waives those rights except as reserved below.  Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it represents a sentence higher than the advisory Sentencing Guideline range deemed most applicable by the court.  Nothing in this paragraph shall act as a bar to the defendant's perfecting any legal remedies he may otherwise have on appeal or collateral attack pertaining to claims of ineffective assistance of counsel or prosecutorial misconduct.

(Case No. 1:04cr453, Plea Agreement, Dkt. # 93 ¶ 20).  The Court clarified this appellate waiver provision at Petitioner's July 15, 2005 sentencing hearing, where the following colloquy occurred:

> THE COURT:     All right.  You may recall, Mr. Johnson, at the time you entered your plea, as part of your plea agreement you gave up certain rights to appeal or collaterally attack your conviction and sentence.  Do you remember that?

-5-

THE DEFENDANT:      Yes, Sir.

THE COURT:      And you gave up all of your rights except any punishment in excess of the statutory maximum, any punishment to the extent it represents a sentence higher than the advisory sentencing guideline range deemed applicable by the Court, and, in addition, there are two grounds that can never be waived. And those are ineffective assistance of counsel and prosecutorial misconduct.

      The Court sentenced you in accordance with your plea agreement, so you really have waived all of your rights of appeal and/or post conviction relief except, as I mentioned, the two grounds that are never waived, and those two grounds, for the sake of repeating, are ineffective assistance of counsel and prosecutorial misconduct.

      * * * *

      I'm not saying you have each of those grounds to raise, that either have merit. That's for another time. But if you wanted to raise either ineffective assistance of counsel or prosecutorial misconduct, technically you could raise them on direct appeal but the Court of Appeals will dismiss your appeal.

      But that doesn't stop you. You don't waive the right to raise either of those two grounds later by way of post conviction relief. Do you have any questions about that?

THE DEFENDANT:      No, Sir.

(Case No.1:04cr453, Dkt. # 117, Sentencing Transcript at 22-24).

Petitioner did not receive a punishment in the excess of the statutory maximum or constituting an upward departure from the applicable guideline range. Nor was there a

-6-

miscalculation in the Petitioner's criminal history category.  Consequently, Petitioner waived his right to file a direct appeal, with the exception of  ineffective assistance of counsel and prosecutorial misconduct.  In return for Petitioner's waiver, the Government supported a five-level reduction under United States Sentencing Guideline 5K1.1 for substantial assistance provided to authorities and a three-level reduction for acceptance of responsibility.  Petitioner received the sentence he bargained for in the plea agreement.

It follows that the Petitioner was able to request that his trial counsel file a direct appeal on two bases: (1) ineffective assistance of counsel, and (2) prosecutorial misconduct. With regard to the former,  the Sixth Circuit generally dismisses such claims when raised for the first time on appeal.  See United States v. Gonzales, 929 F.2d 213, 225 (6th Cir. 1991); see also United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir. 1989); United States v. Hill, 688 F.2d 18, 21 (6th Cir. 1982) (per curiam), cert. denied, 459 U.S. 1074 (1982) (Sixth Circuit did not hear defendant's ineffective assistance of counsel claim on direct appeal, as defendant's argument "depended in large part upon matters outside the present record."). Moreover, the Petitioner does not allege that the Government engaged in misconduct during the prosecution of his case.

In any event,  a review of the record reveals no evidence that Petitioner attempted to convey to his trial counsel the desire to appeal.   See Flores-Ortega, 528 U.S. at 488-89 n.1 (recognizing that counsel may have a duty to file an appeal if requested to do so but implying that a different outcome would result if the petitioner had "waived his right to appeal as part

of his plea agreement.") (Souter, J., concurring in part and dissenting in part).  The Petitioner does not present any evidence such as an affidavit from defense counsel supporting his assertion that he instructed the filing of an appeal.  In fact, Petitioner's defense counsel specifically avers that "[a]fter the imposition of the sentence, Dontez Johnson never asked me to file an appeal on his behalf."  (Dkt. # 5, Affidavit of David C. Jack ¶ 4).

Therefore, neither of the two situations giving rise to trial counsel's "constitutionally imposed duty to consult with the defendant about an appeal" occurred.  Flores-Ortega, 528 U.S. at 480  As such, trial counsel's actions cannot be deemed unreasonable, and Petitioner's claim of ineffective assistance of counsel on this issue fails.

## IV.    EVIDENTIARY HEARING

Finally, section 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief."  Green, 445 F.2d at 848; Bryan, 721 F.2d at 577 (6th Cir. 1983).

In the case *sub judice*,  Petitioner is not entitled to an evidentiary hearing because "the motion and the files and the records of the case conclusively show that [Petitioner] is entitled to no relief."  Green, 445 F.2d at 848.  Accordingly, Petitioner's request for an evidentiary hearing is denied.

## V.    CONCLUSION

For the reasons stated above, the Court hereby orders the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**. Accordingly, this action is **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);   Fed.R.App.P. 22(b).


**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus - August 29, 2006**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**